IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,        CR 05-10-HA

        v.        ORDER

BENNIE D. WASHINGTON,

        Defendant.

HAGGERTY, Chief Judge:

Defendant is charged with being a felon in possession of a firearm. On May 2, 2005, this court heard testimony and oral arguments regarding defendant's Motion to Suppress (Doc. #18) the physical evidence and statements obtained by police on November 23, 2004, that led to this charge. Defendant argues that the evidence was obtained in violation of the Fourth and Fifth Amendments. For the following reasons, defendant's motion is denied.

**BACKGROUND**

Defendant is a thirty-eight year-old black male. On November 23, 2004, at approximately 11:30 p.m., defendant was sitting in the driver's seat in a lawfully parked car

on N.W. Fourth Avenue near Couch Street in Portland, Oregon, when Portland Police Officer Shaw parked behind defendant's car. Shaw did not activate his emergency lights or siren, nor did he block defendant's car in any way. Shaw approached defendant's window, shined his flashlight in the car, and asked defendant what he was doing. Defendant stated that he was waiting for a friend. Shaw asked defendant whether he had anything on his person that he should not have, and defendant stated that he did not. Shaw then asked if defendant minded if he checked, and defendant said, "Sure." Shaw asked defendant to step out of his car, had him move away from the vehicle, and proceeded to search defendant's person. At this point, a second officer, Officer Pahlke, had arrived at the scene.

Shaw next asked defendant if he had anything in the car he should not have, and defendant responded that he did not. Shaw asked if he minded if Officer Pahlke checked the car. According to Shaw's testimony, defendant responded that he did not mind. However, defendant testified that he did not give consent for Pahlke, or any officer, to search the car.

Pahlke found a firearm in defendant's car and immediately told Shaw to place defendant under arrest for unlawful possession of a concealed firearm. Shaw advised defendant of his *Miranda* rights, and defendant stated that he understood those rights. Defendant then acknowledged having the gun. A computer check revealed that defendant had a prior felony conviction.

## DISCUSSION

Defendant moves the court to suppress the firearm found in the car, as well as any statements defendant made, on the grounds that they were the product of an unconstitutional search and seizure.

**1. The encounter was not a Fourth Amendment "stop"**

The court must first determine whether the encounter between Shaw and defendant constituted a "stop" or seizure under the Fourth Amendment. For purposes of the Fourth Amendment, a seizure occurs when a law enforcement officer restrains the liberty of a citizen by means of physical force or show of authority. *Florida v. Bostick,* 501 U.S. 429, 434 (1991). "Law enforcement officers do not implicate much less violate the Fourth Amendment by merely approaching an individual on the street . . . [or] by asking him if he is willing to answer some questions." *United States v. Kim*, 25 F.3d 1426, 1430 (9th Cir. 1994) *(*internal quotations and citation omitted). The test is as follows: "A police officer has restrained the liberty of the citizen if, taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business." *United States v. Chan-Jimenez*, 125 F.3d 1324, 1326 (9th Cir. 1997) (internal quotations and citations omitted).

After a careful review of the totality of the circumstances, the court concludes that defendant was not seized within the meaning of the Fourth Amendment. The court credits Shaw's testimony that defendant's car window was open when Shaw approached the car, that his conversation with defendant was courteous and non-aggressive, and that if defendant had declined to comply with Shaw's requests the encounter would have ended. The court discredits defendant's inconsistent testimony about whether his car window was up or down when Shaw approached.

The undisputed evidence indicates that Shaw did not use any force or threat of force in the encounter with defendant. Shaw did not use his emergency lights or his siren, he did

not have his gun out, and his tone in speaking with defendant was cordial. When Shaw asked defendant, "Do you have anything on you you shouldn't have?," defendant responded, "No." When Shaw asked, "Do you mind if I check?," defendant said, "Sure." By asking for permission in this way, Shaw left open the possibility of a refusal. *See Kim*, 25 F.3d at 1431.

The nature of the encounter between Shaw and defendant is similar to that in *Kim*, where the Ninth Circuit held that an encounter between a DEA agent and a citizen was consensual. In *Kim*, the agent parked his unmarked car such that it was partially blocking the defendant's vehicle, approached the car, identified himself as a DEA agent, and requested to ask the defendant some questions. 25 F.3d at 1428-29. The DEA agent then asked the defendant to step out of his car for further questioning and requested permission to search a suitcase that was in the trunk of the car. *Id.* The defendant complied with the agent's requests and then moved the court to suppress the evidence obtained in the search. *Id.* The court found that because there was no evidence of undue intimidation or coercion, the defendant was free to refuse to comply with the agent's request. *Id.* at 1430.

Defendant argues that the situation here is more similar to that in *Chan-Jimenez*, where the defendant was stopped on the side of the road with his hood open when a police officer pulled up behind him and activated his emergency lights. 125 F.3d at 1325. The officer then approached the defendant and requested his driver's license and registration. Without returning the documents and with his hand resting on his revolver, the officer asked the defendant if he could search his vehicle, and the defendant consented. *Id.* The Ninth Circuit found that the officer's act of keeping his hand on his gun was a show of force and that his act of retaining the defendant's documents longer than necessary manifested an intent to restrain his freedom. *Id.* at 1326. The court finds that the totality of those
4   –   ORDER

circumstances is very different from here, because Shaw did not turn on his lights, did not use his gun in any way, and did retain possession of defendant's identification. "Absent indicia of force or aggression, a request for identification or information is not a seizure or investigatory stop." *Kim*, 25 F.3d at 1430 (citation omitted).

**2. Defendant gave valid consent for the search of his person and vehicle**

The court must next determine whether defendant consented to the search of his car and, if so, whether that search was voluntary. A search without a warrant may be conducted if, under the totality of the circumstances, the officer has obtained a knowing, intelligent and voluntary consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). The voluntariness of consent is a factual question determined by considering the totality of the circumstances. *United States v. Morning*, 64 F.3d 531, 532 (9th Cir. 1995) (quotation omitted).

Defendant does not dispute that he consented to Officer Shaw's search of his person, but he contends that he never consented to the search of his vehicle. This court is confronted frequently with the dilemma of being forced to choose whether to believe an officer who claims a citizen has given voluntary consent to a search or to believe the citizen who denies having given such consent. These can be difficult credibility determinations to make. In this case, the court accepts the testimony presented at the hearing that defendant voluntarily consented to the vehicular search. This is consistent with the undisputed consent he gave to the search of his person and with defendant's argument that he was complying with all of the officer's requests.

Defendant argues that, even if he did consent to the search of his vehicle, it was not voluntary. The Ninth Circuit has identified five factors, none of which are dispositive, that courts must consider in determining the voluntariness of a consent to search: (1) whether

5 – ORDER

the defendant was in custody; (2) whether the arresting officers had their guns drawn; (3) whether *Miranda* warnings were given; (4) whether the defendant was notified that he or she had a right not to consent; and (5) whether the defendant had been told that a search warrant could be obtained. *Morning*, 64 F.3d at 533 (citations omitted). The fact that some factors are not established does not necessarily mean that consent was not voluntary. *Id.*

Applying those factors here, the court finds that defendant's consent was voluntary. The first and third factors weigh in favor of voluntary consent because, as explained above, defendant was not yet seized or in custody and, therefore, *Miranda* warnings were not warranted. As to the second and fourth factors, Shaw did not have his gun drawn and there is no evidence that he mentioned or alluded to a potential search warrant. The fourth factor is the only one that weighs against voluntariness, as Shaw failed to notify defendant that he had a right not to comply with his requests. However, "[a] disposition turning on this one factor alone would . . . effectively and categorically establish a Fourth Amendment analogue to *Miranda* warnings in the pre-arrest context." *Kim*, 25 F.3d at 1432.

## **CONCLUSION**

For the reasons stated above, defendant's Motion to Suppress (Doc. #18) is DENIED.

IT IS SO ORDERED.

DATED this __3___ day of May, 2005.

                                       ___/s/Ancer L.Haggerty_____
                                                Ancer L. Haggerty
                                        United States District Judge